IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL CLARK, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | MISC ACTION NO. H-10-0160 |
| | § | |
| JOHN RICHARD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Paul Clark, has moved for leave to file a complaint *in forma pauperis*. His motion to proceed *in forma pauperis* is granted, but the complaint is dismissed.

This is the third lawsuit Clark has filed against a number of the same defendants describing many of the same events. Clark filed suit in the Central District of California in March 2009, Civil Action No. 2:09cv1559, *Paul Clark et al. v. Houston Tx. Police Department et al*. The California federal court found that the allegations were "for the most part, unintelligible, with diverse and bizarre allegations against a wide variety of defendants, including law enforcement agencies in several counties, financial institutions, attorneys, and other individuals." (Docket Entry No. 4, p. 5). The court dismissed the claims. Clark filed a very similar suit in the Southern District of Texas in Civil Action No. H-09-3798, *Paul Clark v. Jane Waters et al.*, in November 2009. That suit named many of the same individuals and alleged many of the same claims. The Texas federal court found that as a matter of law the allegations were "unclear," "unintelligible," "and "rambling." (Docket Entry No. 114, p. 6, 9). The court also found that the suit was frivolous because the allegations lacked "any arguable basis in law or fact." (Id., p. 11). On February 5, 2010, the court

dismissed the case, with prejudice. Clark filed this application to proceed *in forma pauperis* in April 2010, with his complaint. This lawsuit has all the flaws of the previous two similar suits.

Under 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss an *in forma pauperis* action if it is frivolous. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *McDonald v. Johnson,* 139 F.3d 1056, 1060 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)). *In forma pauperis* complaints may be dismissed as frivolous if they seek to relitigate claims that the plaintiff previously litigated to adverse judgment. *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989). A complaint is factually frivolous if it alleges "clearly baseless" facts, including allegations that are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. at 32-33 (1992); *Gartrell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993). Although a *pro se* plaintiff's claims must be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* pleading must assert a claim on which relief can be granted, not merely conclusory allegations.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at

570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1974); *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The *Iqbal* Court noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

Clark has sued a large number of defendants. They include:

1. Judge Joan Campbell, a Harris County Judge, who allegedly coerced Clark to sign guilty plea to a charge of child exposure.

2. Jane Waters and Beth Barron, Harris County assistant district attorneys, who allegedly coerced Clark to sign a guilty plea and charged him with kidnaping.

3. Pat Lykos, Harris County District Attorney, who allegedly failed to train prosecutors.

4. Michelle Hunter, president of the State Bar of Texas; Roland Hunter, executive director of the State Bar of Texas, and John Richards, chief disciplinary officer of the State Bar of Texas, for apparently ignoring Clark's complaints about private lawyers who committed legal malpractice.

5. Various officers of the Houston Police Department and the Fort Bend County Police Department and the West University Place Police Department, for violating their duties and committing negligent torts and committing civil rights deprivations under § 1983.

6. Various private attorneys, including Robert Degroot, Jeffrey Korngold, Michael Monk, Victor Ihezukwuis, Anthony Green, Gregory Cox, Bill Taylor, Thomas Washmon, and Randy Martin for violating attorney client privilege, committing legal malpractice, violating RICO, and committing civil rights deprivations under § 1983.

7. Collins Johnson and Courtney Weaver.

8. The National Association of Bunco Investigators, also known as the Gypsy Task Force.

9. Adrian Garcia, the Sheriff of Harris County, for violating duties.

10. Steven White, Frank White, Fredrick White, Gilda White, Mike White, Robert White, Joe White, Tom George, and Jay Nicholas, for committing offenses against Clark.

11. Various credit unions and financial institutions, for numerous offenses.

12. Various insurance companies and employees, for bad faith and breach of contract.

13. The Palace Inn, for revealing information about Clark, in violation of his privacy.

14. A&P Pawn, for breach of contract.

15. Machinery Maintenance Rebuilders, People Need the Lord Ministries, and Gods Gypsy Church, for kidnaping and child exposure, among other offenses.

16. Various banks and mortgage companies and banks, for illegal foreclosure and numerous other offenses.

Many of these defendants were sued in the earlier cases Clark filed. Many of the claims are also similar, including allegations that he was falsely charged with kidnaping his grandchildren and pleaded guilty to that charge; that there is a "Gypsy Mafia" that has committed "fraud, forgery and identity theft in the plaintiff Paul Clark, Name"; that there is a secret organization called the National Association of Bunco Investigators or the Gypsy Task Force that is used by all the defendants and that is doing "unethical behavior"; that Steve White is the head of the Gypsy Mafia and that various attorneys have worked with the Gypsy Mafia to wrong the plaintiff; that A&P Pawn refused to allow Paul Clark to pay for his property; that insurance companies denied his claims; that credit companies put him in debt in the amount of $11,000,000; and that mortgage companies and banks committed illegal foreclosures and loan transfers, putting him in debt in large amounts. Clark seeks criminal charges, three times the millions of dollars he seeks in damages, and "electives to be impeached." (Docket Entry No. 1).

Many of the claims Clark alleges have been previously dismissed and some have been dismissed twice. Some claims are asserted under 42 U.S.C. § 1983 but are against private persons, rather than state officers or employees, and fail as a matter of law on that basis. Some claims are asserted against judicial officers or prosecutors who have immunity from these types of claims. Some claims are wholly conclusory, such as the claims that the defendants violated their duties. Many of the claims are unintelligible. And many of the claims fail on all of these grounds. This case is plainly frivolous.

"Frivolous cases harm the justice system. The brunt of the harm is borne by those who seek and are entitled to relief from our courts.... When frivolous complaints consume inordinate amounts of scarce judicial resources, valid complaints suffer from delay and all of the negative aspects of

5

delay." *Holloway v. Hornsby,* 23 F.3d 944, 946 (5th Cir.1994).  This case is dismissed as frivolous. Because this suit is duplicative of the two cases that Clark previously filed that have already been dismissed, further amendment would be futile.  This dismissal is with prejudice and with a warning that if Clark persists in refiling the same or similar charges, he faces sanctions.

   Clark's motion to proceed *in forma pauperis* is granted.  This case is dismissed, with prejudice.

   SIGNED on June 17, 2010, at Houston, Texas.

                _____
                   Lee H. Rosenthal
                 United States District Judge